**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Civil Action No. _____**

| | |
|---|---|
| DERMAFORCE HOLDINGS, LLC and<br>SKINBETTER SCIENCE, LLC,<br><br>            Plaintiffs,<br>    v.<br><br>TARA ASHWOOD a/k/a TARA SALZ,<br>SKINCARE SOLUTIONS STORE, LLC,<br>ADVANCED SKINCARE, LLC, and<br>JOHN DOES 1-100, individually or as<br>corporate/business entities,<br><br>            Defendants.<br>_____/ | :<br>:<br>:<br>: COMPLAINT FOR DAMAGES,<br>: INJUNCTIVE AND OTHER RELIEF<br>: FOR VIOLATIONS OF 15 U.S.C.<br>: § 1114; 15 U.S.C. § 1125(a); 15 U.S.C.<br>: § 1125(c); 17 U.S.C. § 501; 18 U.S.C.<br>: § 1962; COMMON LAW<br>: TRADEMARK INFRINGEMENT;<br>: COMMON LAW UNFAIR<br>: COMPETITION; COLORADO<br>: CONSUMER PROTECTION ACT;<br>: INTENTIONAL INTERFERENCE<br>: WITH CONTRACTUAL<br>: RELATIONS; AND JURY DEMAND<br>:<br>:<br>: |

     Plaintiffs, DermaForce Holdings, LLC and SkinBetter Science, LLC (collectively,

"SkinBetter Science" or "Plaintiffs"), hereby assert claims against defendants, Tara Ashwood

f/k/a Tara Salz ("Ashwood"), Skincare Solutions Store, LLC ("Skincare Solutions"), Advanced

Skincare, LLC ("Advanced Skincare"), and John Does 1-100 (collectively, "Defendants"), for

trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; false advertising and

unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution in

violation of the Lanham Act, 15 U.S.C. § 1125(c); common law trademark infringement;

common law unfair competition; violations of the Colorado Consumer Protection Act, C.R.S. §

6-1-100 *et seq.*; and intentional interference with contractual relations.  These claims arise from

Defendants' misappropriation of Plaintiffs' trademarks in conjunction with Defendants' unlawful and unauthorized sale of Plaintiffs' skincare products on the Internet.

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff SkinBetter Science, LLC is a limited liability company, organized under the existing laws of the State of Delaware, with its principal place of business located in Phoenix, Arizona.

2.     Plaintiff DermaForce Holdings, LLC ("DermaForce") is a limited liability company, organized under the existing laws of the State of Delaware, with its principal place of business located in Phoenix, Arizona.

3.     Upon information and belief, Ashwood is a natural person residing at 10569 West Vista View Drive, Littleton, Colorado 80127; the owner and operator of Skincare Solutions and Advanced Skincare; the registrant, owner and operator of the website www.skincaresolutionsstore.com; the owner and operator of the storefront "Advanced Skincare LLP" on www.amazon.com and www.amazon.ca; and the owner and operator of the storefront "loveyourskin-us" on www.ebay.com.

4.     Upon information and belief, Skincare Solutions is a limited liability company, organized under the existing laws of the State of Colorado, with its principal place of business located in Littleton, Colorado, and is the owner and operator of the website www.skincaresolutionsstore.com.

5.     Upon information and belief, Advanced Skincare is a limited liability company, organized under the existing laws of the State of Colorado, with its principal place of business in Littleton, Colorado; is the owner and operator of the storefront "Advanced Skincare LLP" on

www.amazon.com and www.amazon.ca; and is the owner and operator of the storefront "loveyourskin-us" on www.ebay.com.

6.      The true names, involvement, and capacities, whether individual, corporate, associated or otherwise of Defendants John Does 1 through 100 are unknown to Plaintiffs. Therefore, Plaintiffs sue these Defendants by a fictitious name.  Plaintiffs are informed and believe, and on that basis allege, that the John Doe Defendants sued herein are equally responsible for the events and occurrences referred to herein or otherwise interested in the outcome of the dispute.  When the true names, involvement, and capacities of these parties are ascertained, Plaintiffs will seek leave to amend this complaint accordingly.

7.      The Court has subject-matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for Plaintiffs' claims that arise under federal law and 28 U.S.C. § 1367 for Plaintiffs' claims that arise under state law because they form part of the same case or controversy as Plaintiffs' claims that arise under federal law.

8.      Venue is proper in this District under, without limitation, 28 U.S.C. § 1391(b)(1)–(3) because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

9.      Defendants are subject to the Court's personal jurisdiction with respect to this action as domiciliaries of Colorado and businesses incorporated under the laws of Colorado, and who have their primary place of business in Colorado.

10.     This Court has personal jurisdiction over Defendants sufficient to satisfy Constitutional due process because each Defendant is a domiciliary and resident of and at home in the State of Colorado.

## FACTUAL ALLEGATIONS

### *Intellectual Property at Issue*

11.    SkinBetter Science develops and manufactures high-end, professional-grade skincare products and sells them exclusively through a network of authorized physician providers, all of which must be or employ a medically licensed professional ("Authorized Physician Partners"), under the brand name "SkinBetter Science."

12.    SkinBetter Science devotes a significant amount of time, energy, and resources toward protecting the value of its brand, products, name, and reputation.  Each SkinBetter Science product is packaged so that the SkinBetter Science brand is easily and readily identifiable.  Furthermore, each product is handled with the utmost care and precision during the packaging and transportation process.  In the highly competitive skin care market, quality is a fundamental driver of the consumer's decision to purchase a product.

13.    DermaForce is a holding company that owns various trademarks that are licensed to and used by SkinBetter Science, LLC.

14.    To promote and protect the SkinBetter Science brand, DermaForce owns and maintains numerous trademarks with the United States Patent and Trademark Office and has licensed these trademarks to SkinBetter Science.  These trademarks include, but are not limited to, SKINBETTER SCIENCE®, registration nos. 5,158,020 and 5,088209; SKINBETTER®, registration nos. 5,088,281, 4,543,994 and 4,538,385; SKINBETTER THE SCIENCE OF YOUR SKIN®, registration no. 4,723,001; ALPHARET®, registration nos. 5,111,407 and 5138804; INTERFUSE®, registration no. 5,224,409 and INVISILIFT®, registration no. 5,397,092 (collectively, the "SkinBetter Science Trademarks").

4

15.     The registration for each of the SkinBetter Science Trademarks is valid, subsisting and in full force and effect.

16.     A true and accurate copy of the registrations for each of the SkinBetter Science Trademarks is attached hereto as Exhibit A and incorporated herein by reference.

17.     SkinBetter Science, LLC, pursuant to the exclusive license granted to it by DermaForce, actively uses and markets all of the SkinBetter Science Trademarks in commerce.

18.     Due to the superior quality and exclusive distribution of SkinBetter Science skincare products, and because SkinBetter Science is uniquely recognized as the source of these high quality products, the SkinBetter Science Trademarks have considerable value.

***Plaintiffs Have Implemented Strict Quality Control Procedures for Their Products***

19.     To maintain the quality of its products and brand, SkinBetter Science exercises strict quality control over the production and distribution of its products.  SkinBetter Science's ability to implement these quality controls is essential to the integrity and safety of SkinBetter Science products, as well as to the value of the trademarks and other intellectual property.

20.     Among other quality control measures, SkinBetter Science skincare products contain a universal product code ("UPC"), batch code, and/or a date affixed to the product packaging or container, which play an important role in combating counterfeits and assisting with any recalls.

21.      Such identifying information also enhances SkinBetter Science's ability to protect against quality slippage in its genuine authorized products and is crucial to SkinBetter Science's ability to effectuate any necessary product recalls and ensure customer safety.  For

these reasons, SkinBetter Science regularly monitors the market to ensure that this information is not being removed from its products.

### *Only Authorized Skincare Professionals Are Able to Resell SkinBetter Science Products*

22.     SkinBetter Science further exercises strict quality control over its products by limiting their sales to Authorized Physician Partners, all of which must be or employ a medically licensed professional.  Authorized Physician Partners are required to provide SkinBetter Science with proof of licensure prior to approval of their accounts.

23.     SkinBetter Science's Authorized Physician Partners are required to agree to and abide by the SkinBetter Science Authorized Physician Partner Policy.  The SkinBetter Science Authorized Physician Partner Policy imposes quality control requirements and restricts the manner in which SkinBetter Science products may be marketed, sold, and administered to consumers.

24.     Skinbetter Science's Authorized Physician Partners are provided with training from Skinbetter Science's staff, educational information, 24/7 clinical support by phone and email, and additional training opportunities relating to Skinbetter Science skincare products that are not available to the general public.

25.     The SkinBetter Science Authorized Physician Partner Policy specifically states that Authorized Physician Partners are "not permitted to sell **skinbetter science** products on their personal or office website or any other online store or location," and the only permissible online sales can be conducted through www.skinbetter.com.  "An Authorized Physician Partner's resale of **skinbetter science** products to anyone other than a patient of the same Authorized Physician Partner is prohibited.  Furthermore, online sales of **skinbetter science** products to the general

6

public, including but not limited to selling **skinbetter science** products directly or indirectly through a physician's website or in any other way, is strictly prohibited."

26.     In addition, Authorized Physician Partners are prohibited from facilitating or enabling in any way "any other person, company or entity to distribute, copy, reproduce, or otherwise utilize Approved Materials [*e.g.*, photographs, images, training and promotional materials] or any of **skinbetter science's** trademarks, copyrights, patents (Intellectual Property) without the prior written consent of **skinbetter science**.  Improper use of **skinbetter science's** Approved Materials or Intellectual Property is strictly prohibited."

27.     SkinBetter Science prohibits the resale of its products by unauthorized dealers on the Internet because of, among other things, the potential risks to consumer safety, health and the SkinBetter Science brand in the event SkinBetter Science skincare products are used without consulting with and receiving the support of a medically licensed Authorized Physician Partner.

### SkinBetter Science Discovered Defendants' Unauthorized Sale of Its Products on the Internet

28.     Due to the customer and reputational risks associated with the sale of SkinBetter Science's products by unauthorized Internet sellers, SkinBetter Science polices the sale of its products online.

29.     Through these efforts, SkinBetter Science discovered its products being sold on www.skincaresolutionsstore.com (operated by Ashwood and Skincare Solutions), through the storefront "Advanced Skincare LLP" on www.amazon.com and www.amazon.ca (operated by Advanced Skincare and Ashwood) and through the storefront "loveyourskin-us" on www.ebay.com (operated by Advanced Skincare and Ashwood).

30.     Defendants are not authorized resellers of SkinBetter Science products and are not authorized to use the SkinBetter Science Trademarks.

***Defendants Misappropriated Plaintiffs' Trademarks and Marketing Materials***

31.     Sometime prior to April 2018, one or more Defendants created a storefront on Amazon.com with the name "Advanced Skincare LLP," through which Defendants have advertised or sold SkinBetter Science products bearing the SkinBetter Science Trademarks.

32.     Defendants also operate a storefront on Amazon.ca ("Amazon Canada") under the name "Advanced Skincare, LLP" that continues to advertise and sell SkinBetter Science skincare products.

33.     Defendants' Amazon Canada storefront states that it will deliver products to the United States:



34.     As of May 11, 2018, the storefront "Advanced Skincare LLP" continued to list several products bearing the SkinBetter Science Trademarks for sale on Amazon Canada.

35.     Defendants have used or continue to use marketing materials taken from the SkinBetter Science website, www.skinbetter.com, to advertise the sale of products bearing the SkinBetter Science Trademarks on www.amazon.com, www.amazon.ca, and www.skincaresolutionsstore.com.

***Defendants' Further Sale of SkinBetter Science Products on the Internet***

36.     In addition to Defendants' sale on Amazon, sometime in or prior to February 2018, one or more Defendants created a storefront on eBay with the name "loveyourskin-us," through which Defendants have sold or are selling SkinBetter Science products.

37.     On or around February 18, 2018, SkinBetter Science, through counsel, sent a cease and desist letter through eBay's messaging service to the "loveyourskin-us" storefront.  No response was received, and SkinBetter Science's products were not removed from the "loveyourskin-us" storefront.

38.     In order to gather more information regarding the individual(s) operating the "loveyourskin-us" storefront, a SkinBetter Science product was purchased from the storefront in February 2018.

39.     Based on the payment information obtained through the transaction and additional investigation, SkinBetter Science identified Ashwood and Advanced Skincare as operators of the "loveyourskin-us" storefront.

40.     On or around February 23, 2018, SkinBetter Science, through counsel, sent another cease and desist letter via email and USPS to Ashwood d/b/a "Loveyourskin," "Advanced Skincare," and "Skincare Solutions Store, LLC."   While the email version of the

letter was delivered, Ashwood refused delivery of the letter by USPS on February 28 and March 17.

41.     On or around March 2, 2018, Ashwood sent an inquiry to SkinBetter Science asking how Skincaresolutionsstore.com could become an authorized distributor of SkinBetter Science's skincare line.

42.     Defendants continue to sell SkinBetter Science products through the "loveyourskin-us" eBay storefront.

43.     Further, Defendants continue to sell SkinBetter Science products through the website www.skincaresolutionsstore.com and through the Amazon Canada storefront "Advanced Skincare LLP."

### *Defendants Sales of SkinBetter Science Products Are Willfully Infringing Plaintiffs' Trademarks*

44.     Defendants are not authorized to sell SkinBetter Science products.

45.     Defendants, without Plaintiffs' authorization, have sold, and continue to sell, products bearing the SkinBetter Science Trademarks on the website www.skincaresolutionsstore.com and through storefronts on www.ebay.com, www.amazon.com, and www.amazon.ca.

46.     Upon information and belief, Defendants acquired and continue to acquire SkinBetter Science products from Authorized Physician Partners with the purpose of reselling these products on the Internet.

47.     The products sold by Defendants bearing the SkinBetter Science Trademarks are not subject to SkinBetter Science's quality controls, are not subject to SkinBetter Science's

skincare program instructions, and lack licensed skincare professional evaluation, monitoring, or clinical support—all of which are essential elements of authentic SkinBetter Science products.

48.    Further, Defendants' Amazon and Amazon Canada listings have misled, and continue to mislead, consumers through holding themselves out as authorized sellers of SkinBetter Science products when, in fact, they are not authorized by SkinBetter Science to resell any products bearing the SkinBetter Science Trademarks.  Below are screenshots of such products available for sale by Advanced Skincare LLP on Amazon Canada that list the items as "new," which implies they would be accompanied with all essential elements of authentic SkinBetter Science products, and feature the description "by SkinBetter Science" that misleads consumers into believing that Defendants are authorized sellers of SkinBetter Science products:




11 results for **Advanced Skincare, LLP Storefront** : "skinbetter"

*Advanced Skincare*



SKINBETTER Science AlphaRet
Intensive Cream Face
by SkinBetter Science
CDN$ 141.99
Only 2 left in stock - order soon



SKINBETTER Science Regenerating
Alpharet Cream Face
by SkinBetter Science
CDN$ 141.99
Only 7 left in stock - order soon



SKINBETTER Science Smoothing
Experience - Kit
by SkinBetter Science
CDN$ 122.99
Only 7 left in stock - order soon

49.     Because there are different local requirements for packaging, labeling, language, and product registration in other jurisdictions, SkinBetter Science cannot ensure that the products sold by Defendants bearing the SkinBetter Science Trademarks properly conform to these local requirements.   Any sales in violation of these requirements also harm SkinBetter Science's goodwill and reputation in the skincare marketplace and among consumers in jurisdictions outside of the United States.

50.     Through their unauthorized use of the SkinBetter Science Trademarks, Defendants have—and continue to—mislead, confuse, and deceive consumers into believing they are buying genuine SkinBetter Science's products with the same quality controls and consumer benefits as SkinBetter Science products.   But the products sold by Defendants are materially different from genuine and authentic SkinBetter Science products.

### *Defendants Are Tortiously Interfering with SkinBetter Science's Agreements with Its Authorized Physician Partners*

51.     Upon information and belief, Defendants have purchased SkinBetter products from Authorized Physician Partners for purposes of reselling them on the Internet.

52.     Defendants knew that agreements between SkinBetter Science and its Authorized Physician Partners prohibit the sale of SkinBetter Science skincare products to third parties for purposes of resale.

53.     Upon information and belief, Defendants willfully and knowingly induced unknown Authorized Physician Partners to breach their agreements with SkinBetter so that they could acquire SkinBetter Science skincare products and resell them.

***Defendants Are Serial Violators of Intellectual Property Rights***

54.     Upon information and belief, Ashwood, Skincare Solutions, and Advanced Skincare have long been in the business of acquiring products from authorized distributors in breach of their contracts and then reselling the products online in an infringing manner.

55.     Ashwood a/k/a Salz has been sued for similar claims several times by a number of different companies in Colorado and beyond.  In *ZO Skin Health, Inc. v. Tara Salz, et al*., No. 1:12-cv-01584 (D. Colo.) and *ZO Skin Health, Inc. v. Tara Salz, et al*., No. 14-cv-21376 (S.D. Fla.), the skincare company plaintiff accused Ashwood of similar conduct at issue in this complaint.  In *Interkontinental Investments Manufacturing LLC, et al., v. Ashwood, et al*., No. 9:17-cv-80061-KAM (S.D. Fla.), Ashwood is presently accused of similar conduct at issue in this complaint.

56.     In addition, on March 26, 2018, this Court granted a stipulated permanent injunction arising out of claims that unauthorized sales of plaintiff's skincare products outside of plaintiff's network of medical professionals constituted trademark infringement, false advertising, and unfair competition in violation of the Lanham Act; common law trademark infringement; and deceptive trade practices under the Colorado Consumer Protection Act.  *See*

*Senté, Inc. v. Advanced Skincare, LLC, et al.*, No. 17-cv-2818-WJM-MJW (D. Colo.), Dkt. No. 32. Among other things, the order enjoins Ashwood and Advanced Skincare from selling products bearing the plaintiff's trademarks. *See id.*

57.     Ashwood at all times knew that her conduct was in violation of Plaintiffs' intellectual property rights and in violation of Plaintiffs' agreements with its Authorized Physician Providers.

### *Plaintiffs Have Suffered Significant Harm As A Result Of Defendants' Conduct*

58.     As a result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, irreparable harm to their quality control procedures, the SkinBetter Science Trademarks, corporate goodwill, and SkinBetter Science's contracts. Plaintiffs have also suffered, and will continue to suffer, loss of sales.

59.     Plaintiffs have suffered, and will continue to suffer, irreparable harm as a result of Defendants' actions, including, but not limited to, irreparable harm to their reputation, goodwill, business and customer relationships, intellectual property rights and brand integrity.

60.     Defendants' conduct was and is knowing, intentional, willful, malicious, wanton and contrary to law. Defendants' continued pattern of misconduct further demonstrates intent to harm Plaintiffs.

61.     Plaintiffs are entitled to injunctive relief because, unless enjoined by this Court, Defendants will continue to unlawfully sell SkinBetter Science skincare products, causing continued irreparable harm to SkinBetter Science's reputation, goodwill, relationships, intellectual property and brand integrity.

**COUNT I**
**Trademark Infringement – 15 U.S.C. § 1114**

62.     Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

63.     Plaintiffs are the owners of the SkinBetter Science Trademarks.

64.     Plaintiffs have registered the SkinBetter Science Trademarks with the United States Patent and Trademark Office.

65.      The SkinBetter Science Trademarks are valid and subsisting trademarks in full force and effect.

66.     Defendants willfully and knowingly used, and continue to use, the SkinBetter Science Trademarks in commerce for purposes of selling SkinBetter Science products on the Internet without Plaintiffs' consent.

67.     Defendants' use of the SkinBetter Science Trademarks in connection with the unauthorized sale of SkinBetter Science products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are the same as products legitimately bearing the SkinBetter Science Trademarks, and that the products originate from, or are sponsored, authorized, or otherwise connected with, Plaintiffs.

68.     Defendants' use of the SkinBetter Science Trademarks in connection with the sale of SkinBetter Science products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic SkinBetter Science skincare products.

69.     The products sold by Defendants are not, in fact, genuine and authentic SkinBetter Science products.  The products sold by Defendants are materially different because,

among other reasons, they are not subject to the same quality control standards as genuine SkinBetter Science products, are not sold along with the same proprietary product information, treatment protocols and training modules as genuine SkinBetter Science products, and are not administered and monitored by licensed and trained skincare professionals using SkinBetter Science's proprietary treatment protocols.

70.    Defendants' unauthorized use of the SkinBetter Science Trademarks has infringed the SkinBetter Science Trademarks, materially damaged the value of the SkinBetter Science Trademarks, and caused significant damage to Plaintiffs' business relations.

71.    As a result, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

72.    Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' infringing conduct.

73.    Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

## COUNT II
### False Advertising – 15 U.S.C. § 1125(a)

74.    Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

75.    Plaintiffs are the owners of the SkinBetter Science Trademarks.

76.    Plaintiffs have registered the SkinBetter Science Trademarks with the United States Patent and Trademark Office.

77.    The SkinBetter Science Trademarks are valid and subsisting trademarks in full force and effect.

78.    Defendants willfully and knowingly used, and continue to use, the SkinBetter Science Trademarks in interstate commerce for purposes of advertising, promoting, and selling SkinBetter Science skincare products without Plaintiffs' consent.

79.    Defendants' advertisements and promotions of their products unlawfully using the SkinBetter Science Trademarks have been disseminated to the relevant purchasing public.

80.    Defendants state on their websites and storefronts that all Skinbetter Science skincare products they advertised or sold are "authentic," when, in fact, they are not.

81.    Defendants' use of the SkinBetter Science Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products misrepresents the nature, characteristics, qualities, and origin of Defendants' products.

82.    Defendants' use of the SkinBetter Science Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic SkinBetter Science products and originate from, or are sponsored, authorized, or otherwise connected with SkinBetter Science.

83.    Defendants' unauthorized advertising, promoting, and sale of products bearing the SkinBetter Science Trademarks infringes the SkinBetter Science Trademarks.

84.    As a result, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

85.    Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' conduct.

86.     Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

## COUNT III
### Unfair Competition – 15 U.S.C. § 1125(a)

87.     Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

88.     Plaintiffs are the owners of the SkinBetter Science Trademarks.

89.     Plaintiffs have registered the SkinBetter Science Trademarks with the United States Patent and Trademark Office.

90.     The SkinBetter Science Trademarks are valid and subsisting trademarks in full force and effect.

91.     Defendants have willfully and knowingly used, and continue to use, the SkinBetter Science Trademarks in interstate commerce for purposes of selling SkinBetter Science products without Plaintiffs' consent.

92.     Defendants' use of the SkinBetter Science Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of SkinBetter Science products because it suggests that the products Defendants offer for sale originate from, or are sponsored, authorized, or otherwise connected with Plaintiffs.

93.     Defendants' unauthorized sales of products bearing the SkinBetter Science Trademarks, and unauthorized use of the SkinBetter Science Trademarks in advertising, infringes the SkinBetter Science Trademarks.

18

94.     Defendants' unauthorized sales of products bearing the SkinBetter Science Trademarks, and unauthorized use of the SkinBetter Science Trademarks in advertising have materially damaged the value of the SkinBetter Science Trademarks and caused significant damage to Plaintiffs' business relations.

95.     As a result, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

96.     Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to injunctive relief enjoining Defendants' conduct.

97.     Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of attorneys' fees.

## COUNT IV
### Common Law Trademark Infringement

98.     Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

99.     This claim arises under the laws of the State of Colorado.

100.    The SkinBetter Science Trademarks are valid and subsisting trademarks in full force and effect.

101.    Plaintiffs are the owners of the SkinBetter Science Trademarks and have expended substantial time, money, and resources advertising and promoting its products and services under these trademarks.  As such, the SkinBetter Science Trademarks are the means by which SkinBetter Science products and services are distinguished from others in the marketplace.

102.    The SkinBetter Science Trademarks are inherently distinctive, and as a result of Plaintiffs' long, continuous, and exclusive use of the SkinBetter Science Trademarks, they have acquired a secondary meaning associated by purchasers and the public with SkinBetter Science products and services.

103.    Plaintiffs are widely recognized as the designated source of goods bearing the SkinBetter Science Trademarks.

104.     Defendants' knowing and willful use of the SkinBetter Science Trademarks without Plaintiffs' consent in connection with the unauthorized and illegal sale of their products infringes on the SkinBetter Science Trademarks.

105.    The SkinBetter Science products Defendants sell are not, in fact, genuine and authentic SkinBetter Science products.

106.    As a result of Defendants' unlawful actions, the reputation of the SkinBetter Science Trademarks has been harmed, and Plaintiffs have suffered, and continue to suffer, immediate and irreparable injury.

107.    Further, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

108.    Defendants are also entitled to punitive damages because their misconduct was intentional and/or grossly negligent.

### COUNT V
### Common Law Unfair Competition

109.    Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if set fully herein.

110.    This claim arises under the laws of the State of Colorado.

111.    Plaintiffs are the owners of the SkinBetter Science Trademarks.

112.    Plaintiffs have registered the SkinBetter Science Trademarks with the United States Patent and Trademark Office.

113.    The SkinBetter Science Trademarks are valid and subsisting trademarks in full force and effect.

114.    Plaintiffs are the owners and primary licensees of the SkinBetter Science Trademarks and have expended substantial time, money, and resources advertising and promoting its products and services under these trademarks.  As such, the SkinBetter Science Trademarks are the means by which SkinBetter Science products and services are distinguished from others in the marketplace.

115.    The SkinBetter Science Trademarks are inherently distinctive, and as a result of Plaintiffs' long, continuous, and exclusive use of the SkinBetter Science Trademarks, they have acquired a secondary meaning associated by purchasers and the public with SkinBetter Science products and services.

116.    Plaintiffs are widely recognized as the designated source of goods bearing the SkinBetter Science Trademarks.

117.    Defendants willfully and knowingly used the SkinBetter Science Trademarks in commerce through the sale and advertising of products without the consent of Plaintiffs throughout the United States, including Colorado.

118.    Defendants' use of the SkinBetter Science Trademarks in connection with their unauthorized sale and advertising of products is likely to cause consumer confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to affiliation,

connection, association, sponsorship, or approval of Plaintiffs' products because it suggests that the products offered for sale by Defendants originate from, or are sponsored by, authorized by, approved by, or otherwise connected with Plaintiffs.

119.    Defendants' unauthorized sale of products bearing the SkinBetter Science Trademarks, and unauthorized use of the SkinBetter Science Trademarks in advertising, infringe upon the SkinBetter Science Trademarks.

120.    Defendants' unauthorized sale of products bearing the SkinBetter Science Trademarks, and unauthorized use of the SkinBetter Science Trademarks in advertising, have materially damaged the value of the SkinBetter Science Trademarks and caused significant damages to Plaintiffs' business relations.

121.    As a proximate result of Defendants' actions, SkinBetter Science has suffered, and will continue to suffer, great damage, including to its business, goodwill, reputation, and profits in an amount to be proven at trial.

122.    In harming Plaintiffs, Defendants have acted with willful misconduct and actual malice.  Accordingly, Plaintiffs are entitled to an award of punitive damages.

## COUNT VI
### Violation of the Colorado Consumer Protection Act

123.    Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

124.    Plaintiffs are the owners of the SkinBetter Science Trademarks.

125.    The SkinBetter Science Trademarks are valid and subsisting trademarks in full force and effect.

126.    Defendants willfully and knowingly used, and continue to use, the SkinBetter Science Trademarks in commerce in connection with the sale and advertising of products without Plaintiffs' consent.

127.    Defendants' use of the SkinBetter Science Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship, or approval of SkinBetter Science skincare products because it suggests that the products Defendants offer for sale originate from, or are sponsored, authorized, or otherwise connected with Plaintiffs.

128.    Defendants' unauthorized sale of products bearing the SkinBetter Science Trademarks and unauthorized use of the SkinBetter Science Trademarks in advertising constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.* Defendants' unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices significantly impact the public as actual or potential consumers of the products sold by Defendants.

129.    Defendants' unauthorized sale of products bearing the SkinBetter Science Trademarks, and unauthorized use of the SkinBetter Science Trademarks in advertising, materially damages the value of the SkinBetter Science Trademarks and causes significant damages to Plaintiffs' business relations.

130.    As a result, Plaintiffs have suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

131.    Pursuant to C.R.S.§ 6-2-111(1), Plaintiffs are entitled to injunctive relief enjoining Defendants' conduct.

132.    Pursuant to C.R.S. § 6-1-113(2)(b), Plaintiffs are entitled to an award of attorneys' fees.

<u>COUNT VII</u>
**Intentional Interference with Contractual Relations**

133.    Plaintiffs hereby incorporate the allegations contained in the foregoing Paragraphs as if fully set forth herein.

134.    This claim arises under the laws of the State of Colorado.

135.    SkinBetter Science has entered into agreements with Authorized Physician Partners to sell SkinBetter Skincare products (the "Authorized Physician Partner Policy").  The Authorized Physician Partner Policy specifically prohibits SkinBetter Science's authorized resellers from selling SkinBetter Science skincare products to anyone except their own patients.

136.    Defendants knew that SkinBetter Science's agreements with its Authorized Physician Partners prohibited SkinBetter Science's authorized resellers from selling SkinBetter Science skincare products to third parties, such as Defendants.

137.    Defendants willfully and knowingly interfered with the agreements between SkinBetter Science and its Authorized Physician Partners by purchasing SkinBetter Science skincare products from authorized resellers in violation of these agreements.

138.    Defendants acted with a wrongful purpose by acquiring SkinBetter Science skincare products for the purpose of reselling those products on the Internet in violation of SkinBetter's agreements with its Authorized Physician Partners.

139.     Defendants' actions have caused injury to SkinBetter Science for which Plaintiffs are entitled to compensatory damages in an amount to be proven at trial.

140.     Defendants are also liable for punitive damages because their misconduct was intentional and/or grossly negligent.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully pray for relief and judgment against Defendants as follows:

A. That Judgment be entered in favor of Plaintiffs and against Defendants, in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, punitive damages, and pre-judgement and post-judgment interest, as permitted by law;

B. That permanent injunctions issue enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with (the "Enjoined Parties") from:

    i. advertising or selling, via the Internet or otherwise, any and all SkinBetter Science products as well as any products bearing any of the SkinBetter Trademarks including, but not limited to, SKINBETTER SCIENCE®, SKINBETTER®, SKINBETTER THE SCIENCE OF YOUR SKIN®, ALPHARET®, INTERFUSE®, and INVISILIFT®;

    ii. using any of the SkinBetter Science Trademarks including, but not limited to, SKINBETTER SCIENCE®, SKINBETTER®,

SKINBETTER THE SCIENCE OF YOUR SKIN®, ALPHARET®, INTERFUSE®, and INVISILIFT®, in any manner, including advertising on the Internet;

iii. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all SkinBetter Science products as well as any products bearing any of the SkinBetter Science Trademarks including, but not limited to, SKINBETTER SCIENCE®, SKINBETTER®, SKINBETTER THE SCIENCE OF YOUR SKIN®, ALPHARET®,  INTERFUSE®, and INVISILIFT®;

iv. referencing on any website any SkinBetter Science skincare products or any of the SkinBetter Science Trademarks including, but not limited to, SKINBETTER SCIENCE®, SKINBETTER®, SKINBETTER THE SCIENCE OF YOUR SKIN®, ALPHARET®, INTERFUSE®, and INVISILIFT®;

v. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the SkinBetter Science Trademarks including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

     C.     That permanent injunctions issue mandating the Enjoined Parties to:

          i.   remove from the Internet any of the SkinBetter Science Trademarks which associate SkinBetter Science products or the SkinBetter Science Trademarks with the Enjoined Parties or the Enjoined Parties' websites, including but not limited to removing www.skincaresolutionsstore.com and all other websites or storefronts under the Enjoined Parties' control from Internet search engines (such as Google, Yahoo!, and Bing), including the eBay storefront "loveyourskin-us" and the Amazon and Amazon Canada storefront "Advanced Skincare LLP";

     D.     That the Court enter an award of attorneys' fees, costs, and expenses;

     E.     That the Court find Defendants jointly and severally liable for all monetary damages requested and awarded;

     F.     For an order granting any other and further relief as the Court deems just.

27

Dated:   May 14, 2018                    Respectfully submitted,

*/s/ Carolyn J. Fairless*
Carolyn J. Fairless
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
Telephone: (303) 244-1852
Fax: (303) 244-1879
fairless@wtotrial.com

*Counsel for Plaintiffs*

*Of counsel*

Kent A. Britt
Adam C. Sherman
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street
Great American Tower, Suite 3500
Cincinnati, Ohio 45202
Telephone: (513) 723-4000
Facsimile: (513) 723-4056
kabritt@vorys.com
acsherman@vorys.com